IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JIL ANTONIO RESINOS                                                                          PLAINTIFF

     v.                                   Civil No.  11-5171

SHERIFF KEITH FERGUSON,
Benton County, Arkansas; CAPTAIN
ROBERT HOLLY, Benton County
Detention Center; DR. HUSKINS,
Jail Doctor; and DEPUTY LEASE,
Benton County Detention Center                                                           DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this civil rights case pursuant to the provisions of 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis*.  The case is before me on a motion to dismiss (Doc. 6) filed by the Defendants.  Defendants maintain this case is barred on *res judicata* grounds because of the dismissal of a prior civil case raising the same claims, *Resinos v. Ferguson*, *et al*., Civil No. 09-5281.  Plaintiff responded to the motion (Doc. 9).  Defendants filed a reply brief (Doc. 10).

**1. Background**

On December 11, 2009, the Plaintiff filed a civil rights action against Sheriff Ferguson, Captain Robert Holly, Dr. Huskins, Deputy Lease and the Benton County Sheriff's Department, *Resinos v. Ferguson*, *et al*., Civil No. 09-5281.  The Sheriff's Department was terminated as a Defendant.

The claims asserted in that case stemmed from an incident that occurred on November 24, 2009, while Plaintiff was being taken from the jail to a transport van.  Plaintiff alleges his

shackles got caught in a drainage grate. Plaintiff fell injuring his head. According to Plaintiff, other prisoners had been injured in the same way but nothing was done to correct the situation.

Plaintiff maintains the only medical care he received that day was two Tylenol and being allowed to shower to wash his head. When he was seen by the doctor two days later, Plaintiff states the doctor merely looked at the wound, said it would heal up, and prescribed Tylenol.

A report and recommendation was entered in Civil No. 09-5281 (Doc. 18) recommending dismissal of the case on the grounds that Plaintiff failed to keep the Court informed of his current address and his failure to prosecute the case, Fed. R. Civ. P. 41(b). The report and recommendation was adopted on January 26, 2011 (Doc. 19) and the case dismissed.

This case was filed on July 19, 2011. The same individuals are named as Defendants and the claims stem from Plaintiff's injury on November 24, 2009. In short, the claims asserted are identical to those asserted in the prior case, Civil No. 09-5281.

**2. Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure applies to involuntary dismissals based on a failure to prosecute and failure to obey the order of the Court. The rule further specifies that any dismissal for failure to prosecute or failure to obey an order of the Court "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). A dismissal under Rule 41(b) is a decision on the merits for *res judicata* purposes. *See e.g., United States v. Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997).

Plaintiff hopes to avoid the plain language of Rule 41(b) by arguing that the delays in Civil No. 09-5281 were due to circumstances outside his control. Specifically, he states he was in the "notorious transit system of the Department of Justice's Bureau of Prisons." (Doc. 9). I

AO72A
(Rev. 8/82)

find this argument unavailing. Plaintiff did not file objections to the report and recommendation and did not appeal the dismissal of the case or file a motion under Rule 60 of the Federal Rules of Civil Procedure.

### 3. Conclusion

For the reasons stated, I recommend that the Defendants' motion to dismiss (Doc. 6) be granted and this case dismissed with prejudice.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of December 2011.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)