```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

JIL ANTONIO RESINOS                                        PLAINTIFF

           v.              Civil No. 11-5171

FERGUSON, HOLLY,
HUSKINS, and LEASE                                        DEFENDANTS

                            O R D E R

   Now on this 27th day of January, 2012, come on for consideration defendants' **Motion To Dismiss** (document #6) and the **Report And Recommendation Of The Magistrate Judge** ("Second R&R") (document #11), and from said documents, and plaintiff's Response to the Motion To Dismiss, the Court finds and orders as follows:

   1.  Plaintiff complains of an incident that allegedly occurred on November 24, 2009, while he was incarcerated in the Benton County Detention Center.  He alleges that while being transported, his shackles caught in a drainage grate, causing him to fall and injure his head.  He also alleges that he did not receive proper medical care for the injury.

   2.  Defendants move to dismiss.  They offer documents showing that plaintiff filed an identical claim in 2009, as Western District of Arkansas Case 09-5281 ("Case 09-5281").  Case 09-5281 was dismissed on the Report And Recommendation of the Magistrate Judge ("First R&R") to the effect that it was subject to dismissal for "plaintiff's failure to keep the court informed of his current address and his failure to prosecute this case."

Defendants rely on **F.R.C.P. 41(b),** which provides that

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

3. Plaintiff responded to the Motion To Dismiss, stating that

> [d]uring the period which resulted in Plaintiff's dismissal, Plaintiff was in the notorious transit system of the Department of Justice's Bureau of Prisons. As such, Plaintiff did not have access to legal resources, timely mail delivery, or even basic essentials such as the addresses of either the Court or Defendant's counsel. As such, it was clearly impossible for Plaintiff to prosecute his complaint in a reasonable manner.

4. The Magistrate Judge recommended granting the Motion to Dismiss, noting that plaintiff did not object to the First R&R; did not file a motion under **F.R.C.P. 60** in Case 09-5281; and did not appeal the dismissal of Case 09-5281. Almost two months have passed since entry of the Second R&R, and plaintiff has filed no objections to it.

5. In **Hunt v. City of Minneapolis, Minn.**, **203 F.3d 524 (8th Cir. 2000),** the court fleshed out the parameters of **Rule 41(b):**

> The Federal Rules of Civil Procedure permit dismissal with prejudice "[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court." Despite the breadth of this language, however, we have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a

>     litigant exhibits a pattern of intentional delay.  This
>     does not mean that the district court must find that the
>     appellant acted in bad faith, but requires "only that he
>     acted intentionally as opposed to accidentally or
>     involuntarily."

**203 F.3d at 527**, internal citations omitted.

On this authority, it is arguable that plaintiff might have obtained a reversal of the dismissal of Case 09-5281, had he appealed. He might also have arguably had a basis to seek relief under **F.R.C.P. 60**.  Because he did neither, the dismissal stands, and this Court cannot ignore the preclusive effect of that dismissal dictated by **Rule 41(b)**.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** (document #11) is **adopted in toto**.

**IT IS FURTHER ORDERED** that, for the reasons set forth in the Report And Recommendation Of The Magistrate Judge, defendants' **Motion To Dismiss** (document #6) is **granted**, and this matter is **dismissed with prejudice**.

**IT IS SO ORDERED.**

                                             /s/ Jimm Larry Hendren
                                             JIMM LARRY HENDREN
                                             UNITED STATES DISTRICT JUDGE